■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYRON RONNIE SCHNELL, Appellant.—Judgment of the County Court, Nassau County, rendered August 4, 1975, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Margett, Acting P. J., Damiani, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE SELBY, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County rendered October 17, 1975, convicting him of robbery in the first degree (two counts), petit larceny and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We believe that it was proper for the trial court to have denied a defense request that the court appoint a handwriting expert to compare defendant's signature on two confessions with subsequent exemplars, which are inherently suspect (see *United States v Lam Muk Chiu,* 522 F2d 330). We have examined defendant's remaining contentions and find them to be without merit. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE SELBY, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered August 28, 1975, convicting him of burglary in the third degree (two counts), criminal mischief in the third and fourth degrees and grand larceny in the second and third degrees, upon a jury verdict, and imposing sentence. Judgment affirmed. On this record, we believe that appellant received a fair trial, that the court's charge to the jury was proper and that the sentence was lawfully imposed and appropriate to the criminal guilt established at the trial. Appellant's remaining contentions raised on appeal are without merit. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VICTOR T. Respondent.—Appeal by the People from a sentence of the Supreme Court, Kings County, imposed March 23, 1976, upon an adjudication that defendant was a youthful offender, after his plea of guilty to the crime of criminal possession of a controlled substance in the third degree. Sentence affirmed. Under the facts, the granting of youthful offender status was an act of discretion. Accordingly, the sentence appealed from was not invalid as a matter of law (see CPL 720.20; 450.20, subd 4). To the extent that CPL 720.10 conditions eligibility upon the highest count of the accusatory instrument, it is unconstitutional (see *People v Carlos S.,* 40 NY2d 990, revg 51 AD2d 1 [for the applicable reasons stated in the dissenting opn of Mr. Justice Rabin at the App Div]; see, also, *People v Victor M.,* 56 AD2d 581). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.